**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:11-CV-0738-HDM (VPC) |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| BARRY O'DEA, ) | |
| Respondent. ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

**I.    Introduction**

Before the court is the United States of America's petition to enforce Internal Revenue Service Summonses (#1). This court granted petitioner's motion for order to show cause (#2), and ordered respondent to appear before the undersigned Magistrate Judge and show cause why he should not be compelled to comply with the two Internal Revenue Service summonses served on respondent on April 27, 2011 (#3). The order to show cause was personally served upon respondent by IRS Revenue Officer Michael Frank (#4). Respondent was cautioned that failure to comply with the order to show cause may subject him to sanctions for contempt of court (#3). Respondent failed to appear on December 5, 2011 as ordered (#5).

**II.    Discussion and Analysis**

The court has broad contempt powers to punish by fine or imprisonment those who disobey or resist court orders, *see* 18 U.S.C. § 401, and the court has broad discretion in determining whether and to what extent it should exercise its contempt powers. *Green v. United States,* 356 U.S. 165, 188 (1958)**.**

A United States magistrate judge has the power to exercise contempt authority as set forth in 28 U.S.C. § 636(e).

In *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492 (1911), the court found:

> Contempts are neither wholly civil nor altogether criminal. And 'it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both.' *Bessette v. W.B. Conkey Co.*, 194 U.S. 329, 48 L.ed. 1002, 24 Sup.Ct.Rep. 665. But in either event, and whether the proceedings be civil or criminal, there must be an allegation that in contempt of court the defendant has disobeyed the order, and a prayer that he be attached and punished therefor. It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish between the two classes of cases. If it is for civil contempt the punishment is remedial, to vindicate the authority of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.

*Id.* at 441.

> The distinction between refusing to do an act (remedied by imprisonment until the party performs the required act), and doing an act forbidden (punished by imprisonment for a definite term), is sound in principle, and generally, if not universally, affords a test by which to the determine the character of the punishment.

*Id.* at 443.

Criminal contempt proceedings are governed by Fed.R.Crim.P. 42(a), which requires notice, including the essential facts constituting the charged criminal contempt:

> (1) **Notice**. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
> 
> (A) state the time and place of trial;
> (B) allow the defendant a reasonable time to prepare a defense; and
> (C) state the essential facts constituting the charged criminal contempt and describe it as such.

The court declines to recommend that the District Court exercise its formidable criminal contempt powers. The respondent did not receive notice that petitioner sought to hold him in criminal contempt and that he might face incarceration. Moreover, respondent has "refused to do an act commanded" rather than "doing an act forbidden," in that he failed and refused to appear under the order to show cause. *Gompers* at 443. For these reasons, the court will not recommend imposition of the very serious remedy of criminal contempt for violation of the order to show cause in a civil proceeding.

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) upon the commission of an act of civil contempt, the magistrate judge shall:

> . . . forthwith certify the fact to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The undersigned magistrate judge finds the respondent to be in civil contempt and hereby certifies that the respondent has failed and refused to obey the order to show cause why he should not be compelled to comply with the two Internal Revenue Service summonses served upon him on April 27, 2011. It is recommended that the District Court enter and order requiring respondent to show cause why he should not be adjudged in contempt by reason of these facts. If respondent fails and refuses to appear before the District Court, it is recommended that respondent be adjudicated in contempt and a bench warrant be issued for his arrest.

The parties should be aware of the following:

1. They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order, and any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

### III.     Recommendation

For the reasons stated above, the undersigned magistrate judge recommends that the District Court enter an order to respondent Barry O'Dea requiring him to show cause why he should not be adjudged in contempt by reason of the facts certified herein by the undersigned magistrate judge. It is further

3

1  recommended that if respondent fails and refuses to appear before the District Court, that respondent
2  be adjudicated in contempt and a bench warrant be issued for his arrest.
3        DATED:   December 8, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

4